UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WESTERN SURETY CO.                                            CIVIL ACTION

VERSUS

PASI OF LA, INC., ET AL.                           NO.: 17-01643-JJB-RLB

## RULING AND ORDER

Before the Court are the **Motion for Expedited Hearing on the Motion for Preliminary Injunction (Doc. 12)** and the **Motion for Expedited Hearing/Submission (Doc. 10)** filed by Plaintiff, Western Surety Company ("Western"). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the following reasons, the motions are DENIED.

### I. BACKGROUND

Western is an out-of-state corporation authorized to engage in business as a surety in Louisiana. (Doc. 1 at ¶ 1). Defendants are Louisiana corporations and individuals. (Id. at ¶ 2). Defendant PASI of La, Inc. ("PASI") entered into a subcontract with Harry Pepper & Associates, Inc. ("Harry Pepper"), a general contractor. (Id. at ¶ 8). By April 1, 2011, Defendants signed an indemnity agreement in favor of Western, in exchange for Western issuing a subcontract performance bond and a subcontract payment bond. (Id. at ¶¶ 5, 9). On February 25, 2015, Harry Pepper terminated PASI's subcontract due to its alleged non-performance. (Id. at ¶ 11). At the same time, Harry Pepper demanded that Western perform its obligations as surety. (Id. at ¶ 12). On October 1, 2015, Western demanded that Defendants

deposit $2,500,000 in collateral. (*Id.* at ¶ 13). Additionally, since August 27, 2015, Harry Pepper and PASI have been in arbitration over the cancellation of the subcontract. (Doc. 11 at ¶ XI).

Ultimately, Western and Harry Pepper settled for $1,300,000 on August 29, 2017. (Doc. 1 at ¶ 18). At some point, which is not clear from the record, Western attempted to intervene in the arbitration, but that request was denied. (Doc. 11-1 at p. 7). On November 9, 2017, Western filed this suit, seeking reimbursement from Defendants for the funds it expended in the lawsuit with Harry Pepper. (*Id.* at ¶ 23). On December 7, 2017, Defendants filed a motion for preliminary injunction, requesting that the Court order defendants to (1) deposit sufficient collateral to protect Western from its losses incurred, (2) deposit and deliver any funds that PASI recovers as a result of its arbitration with Harry Pepper, and (3) an injunction restraining PASI from transferring, disposing, or disbursing any funds it recovers in arbitration. (Doc. 11 at p. 1).

## II. DISCUSSION

At this time, the Court will deny the motion for expedited consideration. Defendants have refused to deposit collateral since October 1, 2015, more than two years ago. Western first requested a preliminary injunction against Defendants on December 7, 2017, despite being engaged in litigation with Harry Pepper since May 27, 2016, and having settled that suit on August 29, 2017. From the record, it is not clear if Western was denied the right to intervene in arbitration prior or subsequent to filing suit against Defendants; therefore, it is not clear that this is a change in

2

circumstances that justifies expedited consideration. Moreover, Western admits that arbitration is still ongoing, and it has provided no indication that a resolution of the arbitration is imminent. (Doc. 10-5 at ¶ 6). For these reasons, the Court finds that the Motion for a Preliminary Injunction (Doc. 11) does not warrant expedited consideration.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion for Expedited Hearing on the Motion for Preliminary Injunction (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Expedited Hearing/Submission (Doc. 10) is **DENIED**.

Baton Rouge, Louisiana, this 11th day of December, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA